Johnson, C. J. The plaintiff failed to establish either of the breaches assigned in his declaration. The only question presented by the record, therefore, is as to the propriety of the decision, in instructing the jury to find as in case of a non suit. This court, in the case of Carr v. Crain et al. 7 Ark. Rep. p. 249, said that «the plaintiff in ’error, after the testimony was closed, moved the court to instruct the jury to find as in case of a non suit. The power of the Circuit Courts to order peremptory non suits was fully discussed and settled in the case of Martin & Van Horn v. Webb, 5 Ark. Rep. 74. The court in that case fully recognized the doctrine laid down in 1 Pet. 471, Elmore v. Grimes, where it is held that a non suit could not be ordered in any case without the consent and acquiescence of the plaintiff. The plaintiff might agree to a non suit, but, if he do not so choose, the court cannot compel him to submit to it. The correct motion is, to instruct the jury, that, if the evidence has not proved a matter necessary to be proven, they must find for the defendant. This point has been repeatedly ruled by the Supreme Court of the United States, and is not now open to controversy.” It is manifest, from this authority, that, although the evidence should be utterly insufficient to sustain the action, yet the court would not be at liberty to instruct the jury to find as in case of a non suit. The jury are bound to pass upon the evidence, such as it may be, unless the plaintiff shall consent to a non suit. The court ruled correctly, in excluding the bond offered by the plaintiff. It could not have tended in the slightest degree to establish the truth of either of the breaches laid. But, inasmuch as the court peremptorily ordered the jury to find as in case of a non suit, the judgment must be reversed.